IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLEN LANGLEY AND, ANITA LANGLEY | § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. |
| vs. | § § | Jury Trial Demanded |
| ENHANCED RECOVERY COMPANY, LLC, | § § § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiffs, GLEN LANGLEY AND ANITA LANGLEY ("Plaintiff"), individuals, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq*., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiffs seek to recover monetary damages for Defendant's violation of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiffs, GLEN LANGLEY AND ANITA LANGLEY ("Plaintiff"), are natural persons residing in the State of Texas, County of Montgomery.

7. Plaintiffs are consumers as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.50(a)(1) and TEX. FIN. CODE § 392.001(1).

8. Defendant, ENHANCED RECOVERY COMPANY, LLC ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by TEX. FIN. CODE § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal,

family, or household purposes and Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Plaintiff Anita Langley sent Defendant written correspondence dated September 30, 2011, via certified mail, in which Plaintiffs stated, in relevant part, as follows:

> "I revoke permission to call these numbers: 281-292-1266, 281-292-0899, and 281-686-5556, or any other numbers regarding Anita Langley. Any and all communication shall be done in writing."

(See letter from Plaintiffs, attached hereto as Exhibit "A.")

14. Defendant received Plaintiff's demand to cease and desist telephonic collection contacts on October 3, 2011 at 11:14 A.M. (See certified mail return receipt card, attached hereto as Exhibit "B.")

15. Despite receipt of Plaintiff's demand to cease all telephonic collection contacts, Defendant called Plaintiffs' residence on October 13, 2011 at 3:08 P.M., and at such time, left the following voicemail message:

> "If you are not this person, please delete the message as it is not for you. This is Enhanced Recovery Company. A collection agency attempting to collect a debt. Any information obtained will be used for that purpose. Please contact us at 800-658-0074 or visit www.payerc.com and provide reference number 56134122."

16. Despite receipt of Plaintiff's demand to cease all telephonic collection contacts, Defendant called Plaintiffs' residence on October 14, 2011 at 8:24 A.M., and at such time, left the following voicemail message:

> "If you are not this person, please delete the message as it is not for you. This is Enhanced Recovery Company. A collection agency attempting to collect a debt. Any information obtained will be used for that purpose. Please contact us at 800-576-1852 or visit www.payerc.com and provide reference number 54795688."

17. Despite receipt of Plaintiff's demand to cease all telephonic collection contacts, Defendant called Plaintiffs' residence on October 17, 2011 at 2:24 P.M., and at such time, left the following voicemail message:

> "If you are not this person, please delete the message as it is not for you. This is Enhanced Recovery Company. A collection agency attempting to collect a debt. Any information obtained will be used for that purpose. Please contact us at 800-576-1852 or visit www.payerc.com and provide reference number 54795688."

18. Despite receipt of Plaintiff's demand to cease all telephonic collection contacts, Defendant called Plaintiffs' residence on October 19, 2011 at 3:01 P.M., and at such time, left the following voicemail message:

> "If you are not this person, please delete the message as it is not for you. This is Enhanced Recovery Company. A collection agency attempting to collect a debt. Any information obtained will be used for that purpose. Please contact us at 800-576-1852 or visit www.payerc.com and provide reference number 54795688."

19. Despite receipt of Plaintiff's demand to cease all telephonic collection contacts, Defendant called Plaintiffs' residence on October 21, 2011 at 2:50 P.M., and at such time, left the following voicemail message:

> "If you are not this person, please delete the message as it is not for you. This is Enhanced Recovery Company. A collection agency attempting to collect a debt. Any information obtained will be used for that purpose. Please contact us at 800-576-1852 or visit www.payerc.com and provide reference number 54795688."

20. Despite receipt of Plaintiff's demand to cease all telephonic collection contacts, Defendant called Plaintiffs' residence on October 22, 2011 at 9:49 A.M., and at such time, left the following voicemail message:

> "This is Enhanced Recovery Company. A collection agency attempting to collect a debt. Any information obtained will be used for that purpose. Please contact us at 800-576-1852 or visit www.payerc.com and provide reference number 54795688."

21. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(5)

22. Plaintiffs repeat and re-allege each and every allegation contained above.

23. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiffs' telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiffs demand to cease and desist all telephonic collection contacts.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(c)

24. Plaintiffs repeat and re-allege each and every allegation contained above.

25. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiffs after having received a letter from Plaintiffs with a request to cease and desist all collection contact.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF TEX FIN CODE § 392.304(a)(19)

26. Plaintiffs repeat and re-allege each and every allegation above.

27. Defendant violated TEX FIN CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated TEX FIN CODE § 392.304(a)(19);

   b) Awarding Plaintiffs injunctive relief specifically prohibiting Defendant from placing telephone calls to Plaintiffs;

   c) Awarding Plaintiffs statutory damages pursuant to the TDCA;

   d) Awarding Plaintiffs actual damages pursuant to the TDCA;

   e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.302(4)

28. Plaintiffs repeat and re-allege each and every allegation above.

29. Defendant violated TEX. FIN. CODE § 392.302(4) by causing Plaintiffs' telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated TEX. FIN. CODE § 392.302(4);

    b) Awarding Plaintiffs statutory damages pursuant to the TDCA;

    c) Awarding Plaintiffs injunctive relief specifically prohibiting Defendant from placing telephone calls to Plaintiffs;

    d) Awarding Plaintiffs actual damages pursuant to the TDCA;

    e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

    f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

    g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF DTPA

30. Plaintiffs repeat and re-allege each and every allegation by reference herein all prior paragraphs above.

31. A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA.  TEX. FIN. CODE. § 392.404(a)

32. Defendant violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b) Awarding Plaintiffs actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c) Awarding Plaintiffs three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

33. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Dkruz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC

Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:     (888) 595-9111
Facsimile:     (866) 565-1327
*Attorney for Plaintiffs*
GLEN LANGLEY AND ANITA
LANGLEY